TAGGED FOR PUBLICATION



**ORDERED in the Southern District of Florida on March 5, 2016.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:                                                                 Case No.  **08-29681-JKO**

**Jose A. Ramirez and
Ivanna D. Ramirez**,

          Debtors.                                          Chapter   **13**
_____/

### ORDER ON MOTION FOR SANCTIONS

This case came before the Court on October 5, 2015, on the Debtors' Motion for Sanctions (the "Motion")  [ECF 173] against Magnolia Court Condominium Association (the "Association") for violation of the discharge injunction.

On September 30, 2015, the Association filed its Response [ECF 177].  On October 7, 2015, this Court entered an Order Directing a Briefing Schedule [ECF 179] with respect to Debtors' Motion.  On October 26, 2015, Debtors timely filed a Memorandum of Law in Support of Debtors'

Motion [ECF 183]. On November 2, 2015, the Association timely filed a Reply [ECF 184]. On December 30, 2015, the Association also filed a Notice of Supplemental Authority [ECF 185].

## I. Facts

On December 22, 2008, the Debtors filed this Chapter 13 bankruptcy case [ECF 1]. The Association was listed as a creditor on Schedule D for unpaid condominium assessments on real property located at 7638 Forest City Road #73, Orlando, FL 32810 (the "Real Property"). On August 3, 2009, the Debtors filed a Second Amended Chapter 13 Plan [ECF 103] that was confirmed, by Order [ECF 107] on August 26, 2009. The Debtors received a discharge [ECF 166] on April 8, 2014 pursuant to 11 U.S.C. § 1328(a) as they had completed all payments due under the plan. The case was subsequently closed on June 4, 2014 [ECF 170].

After the discharge was entered, the Association, through counsel, made demand upon the Debtor, Ivanna Ramirez, for post petition assessments. Following the Debtor's refusal to pay, the Association filed a law suit in the Ninth Judicial Circuit in and for Orange County, Florida, and proceeded to obtain a monetary judgment against the Debtor. *See* Case No. 2015-ca-6436-o.

On September 15, 2015, the Debtors filed this Motion for Sanctions for Violation of the Discharge Injunction [ECF 173].

## II. Analysis

Some historical context is important. In 1990, the Seventh Circuit Court of Appeals considered whether, in a chapter 7 context, a bankruptcy court's discharge order discharged the Debtors' obligation to pay post-petition condominium assessments for a condominium in which

the Debtors did not reside. *See In re Rosteck*, 899 F.2d 694 (7th Cir. 1990). In *Rosteck*, the Court began its inquiry with the question of when the debt arose. The 7th Circuit held that the condominium declaration was a pre-petition contract from which the post-petition assessments arose. *Id.* at 696-97. Accordingly, the debt was deemed discharged by the bankruptcy court's discharge order.

In 1994, the Fourth Circuit Court of Appeals considered whether, in a chapter 7 context, "a discharge in bankruptcy relieves a debtor from personal liability for [postpetition] assessments of cooperative housing dues." *In re Rosenfeld*, 23 F.3d 833, 835 (4th Cir. 1994). The court in *Rosenfeld* declined to follow the reasoning in *Rosteck*. The court in Rosenfeld concluded that the "obligation to pay assessments is a function of owning the land with which the covenant runs" and the "obligation to pay assessments ar[ises] from [the Debtor's] continued ownership of the property and not from a [prepetition] contractual obligation. *See id.* at 837.

On October 22, 1994, Congress responded to *Rosteck* and its progeny by adding § 523(a)(16) to the bankruptcy code. The Bankruptcy Reform Act of 1994 became Public Law No. 103-394 on October 22, 1994 and § 523(a)(16) was further amended in 2005 by the Bankruptcy Abuse and Consumer Protection Act, Pub. L. 109-8 Stat. 23 § 442 (Apr. 20, 2005). In effect, these laws **legislatively overruled** *Rosteck* and *Rosenfeld* (emphasis added).

Pursuant to 11 U.S.C. § 523(a)(16):

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or **1328(b)** of this title does not discharge an individual debtor from any debt – (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium

3

>ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.

11 U.S.C. § 523(a)(16) (emphasis added)[1].

Pursuant to 11 U.S.C. § 1328(a)(2):

>(a) Subject to subsection (d), as soon as practicable after completion by the debtor of all payments under the plan, and in the case of a debtor who is required by a judicial or administrative order, or by statute, to pay a domestic support obligation, after such debtor certifies that all amounts payable under such order or such statute that are due on or before the date of the certification (including amounts due before the petition was filed, but only to the extent provided for by the plan) have been paid, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt – (2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), **(1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)**.

11 U.S.C. § 1328(a)(2) (emphasis added).

---

[1] The legislative history of the new § 523(a)(16) provided that: "This section amends section 523(a) of the Bankruptcy Code to except from discharge those fees that become due to condominiums, cooperatives, or similar membership associations after the filing of a petition, but only to the extent that the fee is payable for time during which the debtor either lived in or received rent for the condominium or cooperative unit. Except to the extent that the debt is nondischargeable under this section, obligations to pay such fees would be dischargeable. *See Matter of Rosteck*, 899 F.2d 694 (7th Cir. 1990).

H.R.Rep. 103-835, 103rd Cong., 2nd Sess. 41, U.S.Code Cong. & Admin.News 1994, pp. 3340, 3349-3350 (Oct. 4, 1994; 140 Cong. Rec. H10752-01, 10770 (Oct. 4, 1994).

On occasion, this Court has referred to the concept of the plain meaning rule as one of the canons of construction. *See In re TUSA Florida. Inc.*, 186 B.R. 542 (Bankr. S.D. Fla. 1995) (Hyman, J.) (stating "the plain meaning of legislation is conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters."); *see In re Benedetti*, 372 B.R. 90 (Bankr. S.D. Fla. 2007), *but see In re David Ari Weinshank*, 406 B.R. 413 (Bankr. S.D. Fla. 2009) (stating "the plain meaning rule is not to be blindly applied if application leads to an absurd or futile result."). The Eleventh Circuit notes that "the clear language of a statutory provision holds a status above that of any other canon of construction, and often vitiates the need to consider any of the other canons. *See CBS INC., et al., v. PRIMETIME 24 JOINT VENTURE*, 245 F.3d 1217 (11th Cir. 2001); *see also Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1185-86 (11th Cir. 1997).

11 U.S.C. § 523(a)(16) is not listed as an exception to a Chapter 13 discharge under 1328(a)(2) after completion of all of a debtor's payments under a Chapter 13 plan. Accordingly, the *in personam* obligation with respect to condominium fees does not survive as an exception to discharge. *See In re Khan*, 504 B.R. 409, 412 (Bankr. D. Md. 2014); *see In re Coonfield*, _ B.R. _, 2014 WL 4794857 (Bankr. E.D. Wash. 2014); *but see In re Foster*, 435 B.R. 650 (B.A.P. 9th Cir.) (stating a "debtor's personal liability for the dues is an incidence of ownership of his property not affected by the filing of his bankruptcy."). Instead, the obligation survives as an *in rem* obligation because it is a covenant that runs with the land.

Application of the plain meaning of 11 U.S.C. § 523(a)(16) and 11 U.S.C. § 1328(a)(2) leads to a sensible result. As the court noted in *Khan*, "if it were otherwise, a debtor could

continue to live in a unit after completion of a Chapter 13 plan in perpetuity without obligation to pay the same fees that neighbors must pay." *In re Khan*, 504 B.R. at 412. The Debtors are protected from personal liability, but the Association's right to exercise its *in rem* remedies survives the bankruptcy.

### III. Sanctions

The Debtors' Motion requests that this Court "award the amount of $4,875.00 for attorney's fees incurred for the filing and prosecution of this motion." See [ECF 173 at ¶ 9]. In addition, the Debtors request "this [C]ourt award actual damages in the amount of $75,000.00 for deliberate, willful, patterned and deceitful collection activity, monetary punitive damages in the amount of $50,000.00 as a deterrent to [the Association] from engaging in this type of similar future conduct, and compel Magnolia to immediately discontinue any contact or further type of collection actions...[and] further request that this Court void or vacate any judgment obtained against the Debtor, Ivanna Ramirez, in the Circuit Court for the Ninth Judicial Circuit in and For Orange County, Florida under Case No. 2015-ca-6436-o. *See id.*

The Debtors do not provide any legal authority under which the Debtors move for sanctions. This Court does possess the inherent authority to sanction parties under 11 U.S.C. §105(a); however, the Court will not exercise that power here.

A bankruptcy court's power to control the conduct of parties before it, including to determine that a party should be sanctioned for contemptuous conduct, is based both in 11 U.S.C. §105(a), *Hardy v. Internal Revenue Service (In re Hardy)*, 97 F.3d 1384, 1390 (11th Cir. 1996); *Placid Refining Co. v. Terrebone Fuel & Lube, Inc.*, 108 F.3d 609 (5th Cir. 1997), and in the inherent

6

power of the federal courts, *Chambers v. NASCO*, 501 U.S. 32 (1991); *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567, 1574-75 (11th Cir. 1996); *Eck v. Dodge Chemical Co.*, 950 F. 2d 798 (1st Cir. 1991). The inherent power of the federal court to punish for improper conduct is well established and this power reaches both conduct before the court and that beyond its confines, for "the underlying concern that gave rise to the contempt power was not . . . merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Young v. United States ex rel. Vuitton et Fils S. A.*, 481 U.S. 787, 798 (1987) (citations omitted).

The Supreme Court addressed the nature and scope of the federal courts' inherent power in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The judicial branch has the ability to control judicial proceedings overall to maintain the decorum of the institution, which includes the conduct of parties involved. *Chambers*, at 501 U.S. at 43-44. §105 of the Bankruptcy Code grants broad statutory powers in the bankruptcy context as well. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). The purpose of a §105(a) contempt sanction is to (1) compensate the complainant for losses and expenses it incurred because of the contemptuous act, and (2) coerce the contemnor into complying with the Court's order. *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F. 3d 1539, 1557 (11th Cir. 1996) (citing *EEOC v. Guardian Pools, Inc.,* 828 F. 2d 1507, 1515 (11th Cir. 1987)); *Sizzler Family Steak Houses v. Western Sizzlin Steak House Inc.*, 793 F. 2d 1529, 1534 (11th Cir. 1986).

Here, Debtors have not shown by a preponderance of the evidence that the Association's pursuit of a monetary judgment against Ivanna Ramirez constituted a contemptuous act. The case

7

law regarding the dischargeability of a debtor's in personam obligation to pay post-petition condominium fee assessments is unsettled in this Circuit. Further, the last Circuit Court to address this issue held that *in personam*, post-petition obligations for association assessments are excepted from discharge under 11 U.S.C. § 1328(a)(2). *In re Batali*, 2015 WL 7758330 (B.A.P. 9th Cir. 2015). The Debtors' 34 page Memorandum of Law [ECF 183] does not cite a single bankruptcy case in Florida, indeed, in the entire Eleventh Circuit, to support the Debtors' claim that *in personam*, post-petition obligations for association assessments were discharged upon completion of the Debtors' Chapter 13 plan.

This Court does not find the actions of the Association to merit compensatory damages in the amount of $75,000.00 nor punitive damages in the amount of $50,000.00.

Accordingly, it is hereby **ORDERED:**

1. The Debtors' *in personam* obligation to pay post-petition condominium fees to the Association was discharged by the completion of the Debtors' Chapter 13 plan.

2. The in rem obligation to pay post-petition condominium fees to the Association survived the discharge as a covenant that runs with the land.

3. The judgment obtained against the Debtor, Ivanna Ramirez, in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida under Case No. 2015-ca-6436-o is VOID.

4. The Court will not award fees in connection with the filing of the Motion.

###

Copies furnished to:

All parties in interest